UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNIE TRITT,<br><br>                                  Plaintiff,<br><br>   - against –<br><br>BARSTOOL SPORTS, INC.<br><br>                                Defendant. | Docket No. 1:21-cv-3169<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Annie Tritt ("Plaintiff") by and through her undersigned counsel, as and for her Complaint against Barstool Sports, Inc. ("Defendant") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction, distribution and public display of a copyrighted photograph of the Sharpe family sitting on a stoop, owned and registered by Plaintiff, a United States-based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

**JURISDICTION AND VENUE**

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant is organized and/or transacts business in New York and is registered with the New York Department of State Division of Corporations.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff is a professional photographer in the business of licensing her work for a fee, having a usual place of business at 200 East 10th Street, #803, New York, NY 10003 United States.

6. Upon information and belief, Defendant is a limited liability company duly organized and existing under the laws of Delaware, with a place of business at 333 7th Ave., 3rd Floor, New York, New York 10001.

7. Defendant is registered with the New York Department of State Division of Corporations to do business in New York.

8. At all times material hereto, Defendant has owned and operated a website at the URL: https://barstoolsports.com/ (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

9. Plaintiff created a photograph of the Sharpe family sitting on a stoop (the "Photograph"). A true and correct copy of the Photograph is attached hereto as <u>Exhibit A</u>.

10. Plaintiff then licensed the Photograph to NBC News.

11. On or about July 19, 2018, NBC News published the Photograph as part of an online article entitled https://www.nbcnews.com/feature/nbc-out/boy-or-girl-parents-raising-theybies-let-kids-decide-n891836. The NBC News article identified Plaintiff as the author of the Photograph, along with other photographs of the Sharpe family published in connection with with the NBC News article. Attached as Exhibit B is a true and correct copy of screenshots of the NBC News Article.

12. Plaintiff is the author of the Photograph and has at all times been the sole owner of all rights, title and interest in and to the Photograph, including the copyright thereto.

13. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-152-018, with effective date of May 1, 2019 (the "018 Registration"). A true and correct copy of the 018 Registration certificate is attached hereto as Exhibit C.

14. As per the sworn declaration of undersigned counsel, an official deposit copy has been ordered from the Copyright Office to show that the Photograph is on deposit with the 018 Registration. The declaration of James H. Freeman is attached hereto as Exhibit D.

B. **Defendant's Infringing Activities**

15. On or about July 23, 2018, Defendant re-published the Photograph *as part of an online article titled "So Woke You Need a Nap: NBC Publishes a Story about a Family who Refers to their Kids in Only Gender Neutral Ways "* published at URL: https://www.barstoolsports.com/blog/1043621/so-woke-you-need-a-nap-nbc-publishes-a-story-about-a-family-who-refers-to-their-kids-in-only-gender-neutral-way (the "Infringing Article"). A true and correct copy of the Infringing Article is attached hereto as Exhibit E.

16. Defendant did not license the Photograph from Plaintiff for its Infringing Article, nor did Defendant have Plaintiff's permission or consent to reproduce, distribute or publicly display the Photograph on its Website.

17. Upon information and belief, Defendant removed Plaintiff's copyright management information and did not attribute the work to anyone.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT)
## (17 U.S.C. §§ 106, 501)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Defendant infringed Plaintiff's copyright in the Photograph by reproducing, distributing and publicly displaying the Photograph on the Infringing Article.

20. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

21. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright law in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

22. Upon information and belief, the foregoing acts of infringement by Defendant have been willful and/or in reckless disregard of Plaintiff's rights.

23. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright law, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
## (17 U.S.C. § 1202)

24.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25.     Upon information and belief, in its Infringing Article, Defendant knowingly removed copyright management information identifying Plaintiff as the owner of the Photograph.

26.     Defendant's removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27.     The alteration and/or removal of said copyright management information was made by Defendant with reasonable grounds to know that its conduct would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Photograph.

28.     Defendant's conduct violated 17 U.S.C. § 1202(b)(3).

29.     As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages that she sustained and will sustain, and any gains, profits and advantages obtained as a result of Defendant's violation of 17 U.S.C. § 1202(b), including attorney's fees and costs.

30.     Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 per violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be adjudged to have removed and/or altered copyright management information in violation of 17 U.S.C. § 1202(b)(3).

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 per each instance of removal and/or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: New Rochelle, New York
April 13, 2021

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman/
James H. Freeman
1333A North Ave., Ste. 762
New Rochelle, New York 10804
Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorney for Annie Tritt*
